■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE McCOY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 25, 1981, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), robbery in the first degree, attempted sodomy in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Of the two principal issues on this appeal, the first concerns the People's failure to provide, until one week before the trial, the proper address of where one of the incidents involved in this case occurred. The second issue involves a statement allegedly made to the complainant by the defendant.

Although the defendant was entitled to notice of the proper address in a much more timely fashion, we see no prejudice warranting reversal of the judgment of conviction. There was no evidence that the complainant had made any noise when the defendant took her to the roof of the building in question at 4:00 o'clock in the morning, and there has been no showing that a more timely investigation by the defendant could have produced any evidence to controvert the complainant's testimony. Defendant thus resorts either to the concept of rather nonprobative negative evidence or to speculation that someone else might have been on the roof at that hour or otherwise been present to witness the incident. That type of remote speculation provides no basis for reversal.

As to the other issue, the complainant testified that defendant told her that he had not realized she was black and he only "did it to white women". The only objection raised at the time of this statement was to relevance and it was overruled. On argument of the appeal, defendant's counsel agreed that the statement was relevant. The inflammatory nature of the statement and the fact that it inferred the commission of other crimes is raised for the first time on appeal and was not preserved for our review. Under all of the circumstances of this case, we decline to reach it in the interest of justice.

We find no merit in defendant's other arguments. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.